LOYDELL MOTEN V. STATE

No. 34,182. January 31, 1962

*Robert B. Billings* (on appeal only) Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *William F. Tucker,*

*Frank Watts, Phil Burleson,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

McDONALD, Judge.

The offense is theft from the person, with two prior felony convictions alleged for enhancement; the punishment, life.

The state's evidence shows that Alice Crawford, the complaining witness, had gone out to the State Fair of Texas with some children on Colored Day at the Fair; that she was walking in the fair grounds when appellant, whom she did not know, came up to her and put his arm around her shoulders and called her "mama"; that he continued to hold her and talk with her as they walked along for a short distance; that after appellant left her she found that her billfold and the money therein were missing from her purse; that she called to the children who were with her; that one of the children, a niece, saw appellant and another man looking in the injured party's billfold; that the niece ran toward appellant and yelled for him to wait, but appellant ran around a building, with the niece following; that appellant ran inside the building and into the women's restroom; that the niece called a police officer who, after being informed what appellant had done, followed appellant into the restroom, where the officer saw appellant attempting to get into one of the water closets. Appellant was taken into custody by the officer. Appellant had no money on him, nor did he have the billfold on him. The testimony further shows that the niece took some officers to where appellant had been seen standing and talking with the other man exchanging money, and there found the billfold and charge-a-plate belonging to the complaining witness.

Appellant's two prior convictions were properly proved by records from the courts in which the convictions were sustained; the identity of appellant as being the same individual currently on trial was established by testimony of two assistant district attorneys who were present at the former trials; testimony adduced by the state also showed the prior convictions to be for felonies less than capital.

The appellant testified in his own behalf and denied taking the billfold from Alice Crawford. He denied that he hugged her, and only admitted speaking to her. Appellant admitted only that he went into the ladies' restroom by mistake. He admitted the two former convictions and that he was the same individual.

The jury rejected appellant's version of the transaction and adopted the state's theory. We find the evidence sufficient to sustain the verdict.

No formal bills of exception were filed, nor does the record contain any informal bills of exception.

No objections nor exceptions were taken to the court's charge.

By brief and oral argument, appellant contends that the court erred in not charging upon circumstantial evidence. He further contends that the facts presented are insufficient to sustain a conviction upon circumstantial evidence. We think the evidence adduced by the state was so cogent and of such a direct nature as not to warrant a charge on circumstantial evidence. We find no error in the charge as submitted by the trial court.

Appellant also contends that the state failed to prove that the prior felonies were less than capital, that the state failed to prove that the appellant was the same person convicted in one of the prior cases. We find no merit in either of these contentions. They are both overruled.

The judgment is affirmed.